IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| MICHAEL GRAY, ET AL | * | CIVIL ACTION NO. 06-0378 |
| VERSUS | * | JUDGE JAMES |
| BLUE CROSS BLUE SHIELD OF LOUISIANA | * | MAGISTRATE JUDGE HAYES |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is an Employment Retirement Income Security Act ("ERISA") appeal filed by Plaintiffs, Michael Gray ("Gray") and Sherri Gray. Defendant, Blue Cross Blue Shield of Louisiana ("BCBS") has opposed the appeal. For reasons stated below, it is recommended that the Defendant's denial of additional benefits be **AFFIRMED** and this case be **DISMISSED WITH PREJUDICE.**

### BACKGROUND

This action arises from the alleged denial of medical benefits provided under an ERISA plan, 29 U.S.C. § 1001, *et seq.* As part of her employment with Intermountain Management, Sherri Gray enrolled in a group health insurance plan through BCBS (the "Plan"), with coverage beginning on March 1, 2001. As her husband, Plaintiff, Michael Gray, was enrolled as a dependent and beneficiary on the coverage provided to Sherri Gray.

Plaintiffs went on a cruise and were scuba diving in Cozumel, Mexico, on September 10, 2004, when Michael Gray suffered an accident resulting in the need for treatment in a recompression chamber. Gray was diagnosed with Neurological Decompression Sickness ("DCS II"). Gray attempted to obtain treatment on the cruise ship, but he was informed by the ship physician that his blood pressure was unstable and that the ship had no hyperbaric chamber. He was also informed of the costs and difficulty of having to transport him back to Cozumel, by

helicopter, should he choose to stay on the ship and later require emergency treatment. Michael and Sherri Gray decided to remain in Cozumel and obtain medical treatment at the only medical clinic with a hyperbaric chamber.

Gray received treatment in the recompression chamber for a period of four days for several hours each day, from September 10 through September 14, 2004. Gray was treated by Dr. Pascual Picolo at Hiberbarica De Cozumel. The total charges for medical services were $8,952.00. The Petitioners were required to make full payment of all charges before they could leave the country because they were not Mexican citizens, and leaving the country without making full payment would have been considered a criminal offense. A Health Insurance Claim Form, along with a statement in the amount of $8,952.00, was prepared by Dr. Piccol's office and submitted to BCBS by Sherri Gray. BCBS made two payments in the amounts of $209.57 and $92.08 on the submitted claims. Plaintiffs argue that this claim should be paid the same as any other serious emergency treatment in network would be paid. BCBS contends that the claim has been paid as any other serious emergency treatment in network would be paid.

## LAW AND ANALYSIS

Standard of Review

"[A] denial of benefits challenged under § 1132(a)(1)(B) is to be reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989). However, because it is undisputed that the BCBS possessed the discretionary authority to construe the Plan's terms, the court is limited to a review of those constructions for abuse of discretion, or, in other words, whether the constructions are arbitrary and capricious. *Sweatman v. Commercial Union Ins. Co.*, 39 F.3d

211, 213 (5th Cir. 1999). Under an arbitrary and capricious standard, BCBS's decision must be affirmed if it is supported by substantial evidence. *Meditrust Financial Services Corp. v. The Sterling Chemicals, Inc.*, 168 F.3d 211, 213 (5th Cir. 1999). "Substantial evidence is 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* at 215 (quoting *Girling Health Care, Inc. v. Shalala*, 85 F.3d 211, 215 (5th Cir. 1996) *Bellaire Gen. Hosp. v. Blue Cross Blue Shield*, 97 F.3d 822, 828-9 (5th Cir. 1996)). Eligibility for benefits under any ERISA plan is governed by the plain meaning of the plan language. *See Threadgill v. Prudential Securities Group, Inc.*, 145 F.3d 286, 292 (5th Cir. 1998).

The parties agree that the services rendered to Michael Gray were "emergency" services. The contention is not whether the claim was covered, but the amount that was paid and the balance owed by Michael Gray. BCBS states that the maximum "Allowable Charge" was paid on the claim, and no evidence has been presented to refute BCBS's position that the amounts paid by BCBS were the "Allowable Charge" amounts.

Plaintiffs' only argument is that they are "entitled to have this claim paid as any other serious emergency treatment in network." They are apparently seeking 100% indemnity for the charged amounts. However, the record shows that under the terms of the plan, BCBS did pay the same amount on the claim as if it were "any other serious emergency treatment in network," and that the policy simply did not cover 100% of the charges; it only covered 100% of the Allowable Charge.

If the provider had been an in-network provider, it could not have charged Plaintiffs for the remaining balance; however, because the provider was not an in-network provider and because the provider had no agreement with BCBS to accept the Allowable Charge in full

3

payment for the services, the provider was free to charge whatever it saw fit to charge and Plaintiffs are responsible for the balance due to the provider. While the Plaintiffs' situation is certainly unfortunate, BCBS did pay Plaintiffs' claim according to the terms of the benefit plan.

    The Plan language states that

> We base Our payment of Benefits for Your Covered Services on an amount known as the "Allowable Charge." The Allowable Charge depends on the Provider from whom You receive Covered Services as described below, and will be different for Preferred Providers, participating Providers and Nonparticipating Providers. ...
> NOTICE:
> **YOUR SHARE OF THE PAYMENT FOR HEALTH CARE SERVICES MAY BE BASED ON THE AGREEMENT BETWEEN YOUR HEALTH PLAN AND YOUR PROVIDER. UNDER CERTAIN CIRCUMSTANCES, THIS AGREEMENT MAY ALLOW YOUR PROVIDER TO BILL YOU FOR AMOUNTS UP TO THE PROVIDER'S REGULAR BILLED CHARGES.**

Doc. #10-2 pg. 4. The Plan also states that

> We establish an Allowable Charge for Covered Services provided by Nonparticipating Providers that is based on the negotiated fee that has been accepted by Participating Providers. When You ... use a Nonparticipating Provider, this Allowable Charge is used to determine Our payment for Your Covered Services and the amount that You must pay for Covered Services.
>
> You may pay significant costs when You use a Nonparticipating Provider. This is because the amount that some Providers charge for a Covered Service may be higher than the negotiated fee that has been accepted by Preferred and Participating Providers. Also, ***Preferred and Participating Providers waive the difference between the actual billed charge for a Covered Service and the Allowable Charge, while Nonparticipating Providers will not.*** (emphasis added).

Doc. #10-2 pg. 5.

    The decision by BCBS is supported by substantial evidence, and therefore **IT IS RECOMMENDED** that the denial of additional benefits be **AFFIRMED** and this case be

4

**DISMISSED WITH PREJUDICE**.[1]

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 25th day of October, 2006.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE

---

[1] Defendant also argues that Plaintiffs' claim has prescribed. The Court does not need to address that issue since the decision is affirmed on the merits.

5